UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER BELL,<br><br>                  Plaintiff,<br><br>       -v-<br><br>NEW YORK CITY DEPT. OF EDUCAITON<br>OFFICE OF GENERAL COUNSEL; DAVID C.<br>BANKS; CITY OF NEW YORK;<br>COMMUNITY EDUCATION COUNCIL SIX,<br><br>                  Defendants. | 23 Civ. 10048 (PAE) (RFT)<br><br>ORDER |

PAUL A. ENGELMAYER, United States District Judge:

Plaintiff Christopher Bell, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, 42 U.S.C. § 1981, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 *et seq.*, alleging that his employer discriminated against him on the basis of race. By order dated November 16, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. As set forth in this order, the Court directs the Clerk of Court to effect service on defendants New York City Department of Education ("DOE"),[1] Community Education Council Six ("CEC"), and DOE Chancellor David C. Banks. The Court also dismisses the claims brought against the City of New York.

---

[1] The DOE has the capacity to be sued. *See generally Matson v. Bd. of Educ. of City Sch. Dist. of New York*, 631 F.3d 57, 78 (2d Cir. 2011).

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and citations omitted).

**DISCUSSION**

**A.    Order of Service**

Because Bell has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Bell to effect service on the DOE, CEC, and Chancellor Banks through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these defendants. The Clerk of Court is further

---

[2] Although Federal Rule of Civil Procedure 4(m) generally requires that a summons be served within 90 days of the date the complaint is filed, Bell is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Bell should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Bell must notify the Court in writing if his address changes, and the Court may dismiss the action if Bell fails to do so.

## B.    Claims Against the City of New York

Bell names the City of New York as a defendant but he does not allege any facts suggesting the City caused him any harm. To the extent Bell seeks to bring municipality claims against the City of New York, under 42 U.S.C. § 1983, such claims must be dismissed because he does not allege any facts suggesting the existence of a municipal policy, custom, or practice that caused the violation of his constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted). The Court therefore dismisses all claims against the City of New York for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

The Clerk of Court is instructed to (1) issue a summons for Defendants DOE, CEC, and Chancellor Banks; (2) complete the USM-285 form with the address for each of these defendants, and (3) deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court dismisses Bell's claims against the City of New York. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to mail an information package to Bell.

3

Plaintiff may receive court documents by email by completing the Consent to Electronic Service Form.[3]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).


SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge


Dated: August 14, 2024
New York, New York

---

[3] The form can be found at the following link:  https://nysd.uscourts.gov/sites/default/files/2021-03/Consent_Pro-Se_Eservice-form.pdf.  If Bell consents to receive documents by email, he will no longer receive court documents by regular mail.

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.  New York City Department of Education
    Tweed Courthouse
    52 Chambers Street
    New York, NY 10007

2.  New York City Department of Education Chancellor David C. Banks
    Tweed Courthouse
    52 Chambers Street
    New York, NY 10007

3.  Community Education Council 6
    4360 Broadway, 4th Floor
    New York, NY 10033