UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER BELL,<br><br>                          Plaintiff,<br><br>   -against-<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION OFFICE OF THE GENERAL COUNSEL, et al.,<br><br>                          Defendants. | 23-CV-10048 (PAE) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before the Court is Defendants' letter motion to stay discovery (ECF 33) and motion to dismiss the Third Amended Complaint (ECF 31).

Rule 26(c) of the Federal Rules of Civil Procedure permits a court to stay discovery "for good cause." When determining whether discovery should be stayed pending a decision on a motion to dismiss, courts consider the breadth of the discovery being sought and the burden of responding to the discovery requests, the strength of the motion to dismiss, and the prejudice to the party opposing the stay. *See, e.g.*, *Richardson v. City of New York*, No. 21-CV-5080 (PAE) (KHP), 2022 WL 2003340, at *1 (S.D.N.Y. June 6, 2022); *Sigma Lithium Corp. v. Gardner*, No. 23-CV-7403 (DEH), 2024 WL 2867504, at *1 (S.D.N.Y. June 4, 2024). After reviewing the Third Amended Complaint (ECF 14), the memorandum in support of the motion to dismiss (ECF 32), the letter motion for a stay of discovery (ECF 33), Plaintiff's letter responses to Defendants' motions (ECF 35, ECF 38), and Defendants' reply brief in further support of the motion to dismiss (ECF 42) with supporting declaration (ECF 43). I conclude that Defendants have met their burden of showing that there is good cause for the stay.

The parties have not yet exchanged discovery requests, so it is not clear how broad discovery would be. However, the Complaint covers several incidents of alleged discrimination involving several individuals during a period of over one year. Therefore, the discovery sought is likely to be somewhat broad, which, while not dispositive, weighs in favor of a stay of discovery. *See Richardson*, 2024 WL 2003340, at *1. The strength of the underlying motion to dismiss also counsels in favor of granting a stay. This is the case because the motion is "not unfounded in the law." *See id.* at *2; *see also Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). I do not, by this conclusion, predict the outcome of the motion. However, Defendants' memorandum of law in support of the motion provides substantial arguments for dismissal of several, if not all, of the claims set out in the Complaint. Those arguments are supported by case law from this Circuit, and so I cannot conclude that Defendants' motion is unfounded in the law. Because the motion to dismiss may be dispositive of some or all of Plaintiff's claims, which could narrow or eliminate the need for discovery, this factor weighs in favor of granting a stay. *See Richardson*, 2024 WL 2003340, at *2. Nor has Plaintiff identified any prejudice.

For the foregoing reasons, Defendants' motion to stay discovery is **GRANTED**. The Clerk of Court is respectfully requested to terminate ECF 33.

DATED: March 3, 2025
New York, New York

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge