UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER BELL,

                           Plaintiff,

       -v-

NEW YORK CITY DEPARTMENT OF
EDUCATION *et al.*,

                           Defendants.

23 Civ. 10048 (PAE) (RFT)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Plaintiff Christopher Bell ("Bell"), appearing *pro se*, brings this employment discrimination action against defendants New York City Department of Education ("DOE"), DOE Chancellor David C. Banks, and Community Education Council Six ("CEC Six," and collectively, "defendants"). His third amended complaint ("TAC") alleges violations of 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the New York States Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 296 *et seq.*, the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 740 *et seq.* See Dkt. 14 ¶¶ 11–12, 21–22, 27–29.

On December 10, 2024, defendants moved to dismiss the TAC, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 31. On February 3, 2025, the Court referred the motion to the Hon. Robyn F. Tarnofsky, United States Magistrate Judge, for a Report and Recommendation. Dkt. 39.

Before the Court is Judge Tarnofsky's July 30, 2025 Report and Recommendation, Dkt. 51 ("Report"), as well as Bell's objections, Dkt. 53 ("Objections"), and defendants' reply,

1

Dkt. 56 ("Reply"). The Report carefully analyzes, and recommends dismissing, each of the TAC's claims. Specifically, it recommends dismissing with prejudice the TAC's Title VII retaliation claim, NYLL claims, and Section 1981 claim against the DOE and CEC Six, and dismissing with leave to amend the NYSHRL and NYCHRL claims, Title VII race discrimination and hostile work environment claims, and Section 1981 claim against Banks. In his Objections, Bell principally disputes the amount of legal assistance he received in preparing the TAC—and his prior amended complaints—by the New York Legal Assistance Group ("NYLAG") and City Bar Justice Center ("CBJC"), legal clinics that provide free legal services to *pro se* litigants.[1] Defendants' reply principally argues that Bell's objections are conclusory and reiterate his prior contentions. It asks the Court to dismiss the TAC in its entirety with prejudice. Reply at 3–4.

For the following reasons, the Court adopts the Report in full.

## I. Background

The Court incorporates by reference the Report's detailed account of the facts and procedural history. The following summary captures the limited facts necessary for assessment of the issues presented.[2]

---

[1] Apart from objections that largely reiterate his opposition, *see* Dkt. 38 ("Pl. Opp.") at 23–57, Bell also appears to object to the Report's failure to consider certain audio recordings and transcripts, the latter of which were attached to prior iterations of his complaint, *id.* at 43 (citing Dkt. 4 ("AC") at 45–68 (transcript of June 19, 2020 conversation between Luis Camilo, vice president of CEC, and Bell)); *see also* Dkt. 8 ("SAC") at 61–84 (same transcript). Consistent with the special solicitude due *pro se* plaintiffs, the Court has considered these materials. They do not alter the Court's analysis.

[2] The summary is drawn from the initial complaint, Dkt. 1, the AC, Dkt. 4, the SAC, Dkt. 8, the operative TAC, Dkt. 14, any accompanying exhibits to the pleadings, Bell's opposition to the motion, Dkt. 38, the Report, Dkt. 51, objections to it, Dkt. 53, and defendants' reply, Dkt. 56. For the purpose of resolving the motion to dismiss under Rule 12(b)(6), the Court presumes all well-pled facts to be true and draws all reasonable inferences in favor of plaintiff. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

2

### A. Factual Background

Bell, who is Black, worked as an administrative assistant for CEC Six, a DOE entity, between December 3, 2019, and January 3, 2023, when he effectively resigned. TAC ¶¶ 1–2, 28. The TAC alleges that from the outset of his employment, Bell was subjected to discriminatory treatment by Latino colleagues and supervisors. *See, e.g., id.* ¶¶ 3, 8, 10–12, 14–17. It alleges incidents involving unwanted visits, verbal harassment, and false accusations, including Bell's being blamed for administrative errors and pressured into making improper purchases of supplies. *Id.* It also alleges that Bell's co-workers denied him resources and assistance that had been provided to his Latino predecessor, and repeatedly ignored Bell when he raised concerns. *Id.* ¶¶ 10–11.

The TAC further alleges that Bell was unfairly held responsible for fiscal irregularities related to office supply purchases for which his supervisors, not he, were responsible. *Id.* ¶¶ 14–17. It pleads that his work environment grew increasingly hostile, culminating in a December 2022 email from the then treasurer of CEC Six containing a "thinly veiled email threat of termination," made in response to Bell's refusal to purchase certain supplies for an upcoming professional event. *Id.* ¶¶ 27–28. Bell submitted his resignation effective January 3, 2023, claiming constructive discharge due to intolerable conditions. *Id.*

The TAC asserts that, during Bell's employment, he experienced racial discrimination, a hostile work environment, retaliation, and, ultimately, constructive discharge. *See, e.g., id.* ¶¶ 3, 8, 10–12, 14–17.

### B. Procedural History

On May 19, 2023, Bell filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Dkt. 43 at 1. On August 25, 2023, the EEOC issued Bell a right to sue letter. Dkt. 35 at 2. On November 14, 2023, Bell filed the initial complaint, alleging

3

race discrimination and harassment. Dkt. 1. The following day, Bell filed the AC. Dkt. 4. On January 29, 2024, the Court granted Bell leave to file a second amended complaint because the AC "d[id] not state claims upon which relief can be granted under Title VII or Section 1981." Dkt. 6 at 4. Salient here, it informed Bell that he "may consider contacting" the NYLAG, "which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court," and attached a copy of NYLAG's flyer with details of NYLAG's Legal Clinic for Pro Se Litigants. *Id.* at 8, 19–20. On March 26, 2024, Bell filed the SAC. Dkt. 8. On April 4, 2024, Bell sought leave to file the TAC, Dkt. 9, which the Court granted, Dkt. 10. On July 26, 2024, Bell filed the TAC, the operative pleading today, which brings claims for retaliation, hostile work environment, race discrimination, and constructive discharge. Dkt. 14.

On August 13, 2024, the Court referred the matter for general pretrial supervision to Judge Tarnofsky. Dkt. 16. On October 17, 2024, Judge Tarnofsky held a status conference and set a briefing schedule for defendants' motion to dismiss. Dkt. 24. In her order memorializing topics discussed during the conference, she informed Bell "that the City Bar Justice Center runs a legal services clinic for pro se litigants in the Southern District of New York," which "is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the Pro Se Intake Unit)." *Id.* at 2. Judge Tarnofsky provided Bell with methods of contacting the clinic, including its phone number and email address. *Id.*

On December 10, 2024, defendants moved to dismiss the TAC under Rule 12(b)(6) for failure to state a claim. Dkts. 31–32. On January 29, 2025, Bell opposed. Dkt. 38. On

4

February 3, 2025, the Court referred the motion to Judge Tarnofsky for a Report and Recommendation. Dkt. 39. On February 28, 2025, defendants replied. Dkts. 42–43.

On July 30, 2025, Judge Tarnofsky issued the Report. Dkt. 51. It recommended granting defendants' motion, with prejudice as to certain claims (the Title VII retaliation claim, NYLL claims, and Section 1981 claim against the DOE and CEC Six), but with leave to replead others (the NYSHRL and NYCHRL claims, Title VII race discrimination and hostile work environment claims, and Section 1981 claim against Banks). *Id.* at 43–44. Explaining the dismissals without prejudice, the Report stated that Bell may be able to bolster "the substantive Title VII, NYSHRL, and NYCHRL claims," and, as to the seemingly time-barred NYSHRL and NYCHRL claims, he may, if true, have filed a notice of claim or permission to file a late notice of claim, rendering them timely. *Id.* at 43. On August 8, 2025, Bell filed objections to the Report. Dkt. 53. On August 28, 2025, defendants replied. Dkt. 56.

## II. Applicable Legal Standards

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *KLM Consulting LLC v. Panacea Shipping Co., Inc.*, No. 22 Civ. 5194, 2024 WL 5199835, at *1 (S.D.N.Y. Dec. 23, 2024) (quoting *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the court will review the report and recommendation strictly for clear error. *See Dickerson v. Conway*, No. 8 Civ. 8024 (PAE), 2013 WL 3199094,

at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 9 Civ. 7583, 10 Civ. 812, 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). This is so even in the case of a *pro se* plaintiff. *Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424 (PAE), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). Further, "[c]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Tavares v. City of New York*, No. 8 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (citation omitted).

## III. Discussion

Because Bell is *pro se*, the Court liberally construes his objections to the Report "to raise the strongest arguments they suggest." *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022) (quoting *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017)). Bell objects to the recommendation of dismissal on the ground that NYLAG and CBJC attorneys purportedly "refus[ed] to assist [him] with his TAC." Objections at 20; *see id.* at 14 ("Plaintiff[']s crux why Judge Engelm[a]yer should pass on Judge Tarnofsky's recommendation to dismiss Plaintiff's complaint is due to this court or Judge Tarnofsky's inaction when the NYCBA Pro-Se Unit failed to assist Plaintiff with this TAC."). The Court thus reads Bell principally to attack the ostensible lack of assistance he received from free legal clinics in preparing his pleadings.

At the threshold, contrary to Bell's premise, a person contemplating bringing civil claims is not automatically entitled to free legal assistance. The Sixth Amendment right to the effective assistance of counsel applies instead to criminal defendants. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986); *United States v. Coven*, 662 F.2d 162, 176 (2d Cir. 1981); *Foggie ex rel. Geronimo v. Comm'r of Soc. Sec.*, 243 F. Supp. 2d 2, 4 (S.D.N.Y. 2003). And even if there were such a right, the exhibits Bell attaches to the Objections sit uneasily alongside his claim of an absence of assistance. They reflect emails with pro bono NYLAG attorneys with feedback on

6

his draft submissions and further guidance. *See, e.g.*, Objections at 33 (July 24, 2024 email from NYLAG attorney who "reviewed [his] complaint and [] made a few comments and edits in the attached," including describing Second Circuit "case law [which] is very clear that in order to be successful . . . , the plaintiff has to show causation between the discrimination and the adverse actions that occurred"); *id.* at 35 (February 14, 2025 email from CBJC attorney scheduling phone call with Bell to explain referral order, and advising him not to publicly file their communications, as such were privileged pursuant to an executed retainer agreement); *see also id.* at 36 (August 23, 2024 email from NYLAG attorney informing Bell of her resignation from NYLAG, and directing him to contact the CBJC pro se clinic for additional assistance). And Bell's objections elsewhere acknowledge that he met with, and received feedback from, CBJC attorneys as he prepared the pleadings. *See id.* at 4–5 (Bell "met with [a CBJC] attorney who advised Plaintiff how to address the DOE officials in this case," and "consulted with the attorney who wrote on Plaintiff's behalf"). The broader record likewise reflects assistance Bell received from pro bono legal clinics in preparing his pleadings. *See* Dkt. 7 (on March 15, 2024, Bell spoke with NYLAG attorney and sent him the draft TAC); Dkt. 9 (April 3, 2024 letter from Bell requesting additional time to file the TAC because NYLAG assigned an attorney "to provide legal assistance with [his] amended complaint); Dkt. 13 (July 17, 2024 letter from Bell noting that "NYLAG . . . will not re-write [his] complaint, but will help [him] edit it"); *see also* Dkt. 24 (October 17, 2024 order issued by Judge Tarnofsky advising Bell of CBJC clinic and providing its contact information).

In any event, any prejudice Bell claims from shortcomings in legal assistance is redressed by the Report's recommendation to give him a final opportunity to amend as to any claims with

7

potential to be rehabilitated.³ The Report carefully distinguished between TAC claims as to which amendment would be futile and those where it might not be:

> I conclude that it would be futile for Plaintiff to amend certain of his claims, because better pleading cannot fix the problems with those claims: Plaintiff's Title VII claims based on behavior prior to July 23, 2022 are time-barred;⁴ Plaintiff's NYSHRL and NYCHRL based on behavior before November 14, 2022 are time-barred; Plaintiff's Title VII and NYLL claims against Banks are barred because such claims cannot be brought against individuals; Plaintiff's Title VII retaliation claims are barred because the alleged retaliatory action was too far removed in time from Plaintiff's protected activity; and Plaintiff's Section 1981 claims against the DOE and CEC Six are barred absent allegations of a policy or practice leading to the alleged mistreatment. *See supra* Parts I–II; III.C.1.c; III.D; IV.A.1; IV.B.
>
> However, granting Plaintiff leave to amend the TAC would not necessarily be futile as to some claims that I recommend dismissing [without prejudice]. Plaintiff has "not yet had the benefit of a decision of the Court explaining the pleading standards necessary for [her] claims to survive a motion to dismiss." *Al-Haj v. Akuamoah*, No. 19 Civ. 6072, 2021 WL 964211, at *5 (S.D.N.Y. Mar. 15, 2021); *see also Norman v. Experian Info. Sols., Inc.*, No. 23 Civ. 9245, 2024 WL 1175201, at *3 (S.D.N.Y. Mar. 19, 2024) ("The pleading deficiencies identified in the R&R and this order may be corrected, so amendment is not necessarily futile.").

Report at 42–43 (cleaned up). The Report gave Bell pointed guidance as to areas where factual amplification might fortify claims dismissed without prejudice:

> If Plaintiff filed a notice of claim or seeks permission to file a late notice of claim, he could include that information in a fourth amended complaint and bring NYSHRL and NYCHRL claims based on behavior after November 14, 2022.⁵

---

³ Defendants' reply argues that Bell's objections are conclusory, repetitive, and vague, and thus requests that the Court dismiss the TAC with prejudice. *See* Reply at 3–4. For the reasons discussed *infra* pp. 7–11, the Court adopts the Report in full, and grants Bell leave to amend for the limited purpose of pleading in greater detail his remaining federal and state law claims.

⁴ Bell concedes that "all actions before July 22, 2022 would not be covered under Title VII." Objections at 13.

⁵ Bell has since conceded that he "did not file [a] notice of [c]laim" and "failed to file [a] notice of claim with [the] appropriate school district." Objections at 13.

8

> With regard to the substantive Title VII, NYSHRL, and NYCHRL claims, he may be able to:
>
> - Bolster his allegations about the alleged constructive discharge, explaining why he could not have stayed and fought termination;
>
> - Strengthen his allegations of discriminatory animus based on race, such as by clarifying why his Latino predecessor is an appropriate comparator; and
>
> - Add to his allegations of a hostile work environment within the limitations period, for example by identifying instances of sufficiently severe mistreatment that demonstrate harassment and disparate treatment "pervasive enough that reasonable people would consider their working conditions to be altered as a result."

Report at 43. The final opportunity that this Court is giving Bell to replead the claims that have been dismissed without prejudice will enable Bell to address the deficiencies identified in the Report, including by seeking out the help of free legal counsel.[6]

As to Bell's other objections, these merely reiterate the TAC's allegations of race discrimination, hostile work environment, constructive discharge, and retaliation, Objections at 5–14, and generically dispute the Report's conclusions, *see, e.g., id.* at 6 ("Plaintiff felt Judge Tarnofsky erred when she wrote, Plaintiff could have stayed and opposed being terminated if his supervisors had followed through with a veiled threat, but he did not do so. Thus, he has not sufficiently pleaded that he was constructively terminated."); *id.* at 11 ("Plaintiff respectfully disagrees with Judge Tarnofsky."). "A party fails to properly object to a Report if she makes only conclusory or general objections, or simply reiterates her original arguments," warranting review of the Report for clear error. *Ramgoolie v. Ramgoolie*, No. 22-1409, 2024 WL 4429420, at *2 (2d Cir. Oct. 7, 2024) (cleaned up) (summarizing rule); *see also, e.g., Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) (noting district court's reliance on the "rule" that

---

[6] In the event Bell files a final amended complaint, the Court intends again to refer the case to Judge Tarnofsky for general pretrial supervision.


when "the party makes only conclusory or general objections, or simply reiterates his original arguments, the [district court] reviews the Report and Recommendation only for clear error" (quoting *Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009))); *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (applying clear error standard to "'merely perfunctory responses,' argued in an attempt to 'engage the district court in a rehashing of the same arguments set forth in the original petition'" (citation omitted)); *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 365–66 (S.D.N.Y. 2007) (similar). That standard applies here. And there is no facial error in the Report's findings and conclusions.

Even were the Report reviewed *de novo*, Bell's objections are meritless.

First, the TAC's allegations that Bell suffered adverse employment actions as a result of his race or participation in protected activity do not plausibly plead employment discrimination, retaliation, hostile work environment, or harassment. The limited and largely generic facts pled do not support an inference that any action affecting Bell—including a board member's "thinly veiled email threat of termination" or requests to carry out tasks Bell believed were outside his job description—were motivated by his race.[7] TAC ¶¶ 28–29; *see, e.g.*, *Vega v. Hempstead Union Free Sch. Dist.*, 801 F. 3d 72, 86 (2d Cir. 2015) ("[T]o defeat a motion to dismiss or a motion for judgment on the pleadings in a Title VII discrimination case, a plaintiff must plausibly allege that (1) the employer took adverse action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision."); *Mitchell v. Planned Parenthood of Greater N.Y., Inc.*, 745 F. Supp. 3d 68, 89–96, 102–08 (S.D.N.Y. 2024) (dismissing Title VII discrimination claim, Section 1981 discrimination and retaliation

---

[7] Of Bell's hostile work environment allegations, "only being asked to carry out unauthorized tasks and the threat of being fired when he refused occurred after July 23, 2022 and therefore are the only bases for his [Title VII] claim that are not time-barred." Report at 26.

claims, as well as claims of discrimination, retaliation, harassment, and hostile work environment under the NYCHRL and NYSHRL, for failure to plead an adverse employment action on account of a protected characteristic). Nor does the TAC plausibly allege Bell engaged in a protected activity. Bell "concedes [that] he must provide evidence that CEC Six or DOE employees knew that [he] engaged in protect[ed] activity," but did not do so. Objections at 13.

Second, Bell's objections are largely not responsive to the bases on which the Report recommended dismissal of the TAC's claims. For example, objecting to the Report's conclusion that the TAC failed to adequately plead constructive termination, *see* Report at 21, Bell states that, as a non-union employee, he lacked a means to oppose the threat of termination, Objections at 5–8. That statement is highly doubtful (and conclusory). Regardless, the TAC undermines it, in that it alleges that Bell was instructed "to send all complaints to the New York City's [Special Commissioner of Investigation ("NYCSCI")]," and that he did so, repeatedly, TAC ¶ 20; *see also* AC at 89 (January 28, 2021 email from NYCSCI confirming receipt of Bell's complaint); *id.* at 90 (July 13, 2021 email from Bell to NYCSCI providing "la[]te[st] update on Luis Camilo, CEC 6 member after I filed my complaint with the office of special investigation"); *id.* at 94 (June 8, 2022 email from Bell to NYCSCI, "fil[ing] another complaint," and noting he had "filed several complaints before"). Similarly, the TAC's discrimination allegations contend that Bell was treated worse than his Latino predecessor. *See, e.g., id.* ¶¶ 10–11, 26. But Bell now concedes, in his objections, that he "has not alleged facts showing his Latino [p]redecessor i[s] an appropriate comparator." Objections at 10.

Notwithstanding the unsupported character of Bell's objections, the Court has considered the record *de novo* and agrees with the Report's conclusions. *See, e.g., Montgomery v. New York Presbyterian Hosp.*, No. 23 Civ. 9201 (PAE) (OTW), 2025 WL 240733, at *3 (S.D.N.Y. Jan. 17,

11

2025) (adopting report and recommendation, and granting motion to dismiss where plaintiff "simply regurgitate[d] the Complaint's allegations"); *Burroughs v. Fed. Express Corp.*, No. 18 Civ. 8641 (PAE) (SN), 2020 WL 1528119, at *4 (S.D.N.Y. Mar. 31, 2020) ("The AC and Objections are entirely devoid of any facts supporting any element of a *prima facie* case of disability discrimination . . . . [and] do not state a claim, under Title VII, the ADEA, or the ADA.").

## CONCLUSION

The Court adopts the Report in full. The Court dismisses with prejudice Bell's NYLL claims, retaliation claims under Title VII, and claims under Section 1981 against the DOE and CEC Six; and dismisses without prejudice, and grants him leave to amend, his remaining federal and state law claims.

Bell must submit any fourth amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this decision, caption the document as a "Fourth Amended Complaint," and label it with docket number 23-cv-10048 (PAE).[8] No further opportunities to amend will be granted. If Bell fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the above-captioned action shall be dismissed with prejudice under Federal Rule of Civil Procedure 41.

The Clerk of Court is respectfully directed to terminate all pending motions.

---

[8] Chief Judge Swain, who oversaw this case before it was reassigned to this Court, similarly directed Bell to submit his second amended complaint to the Pro Se Intake Unit to file it on the docket, and advised him to contact the NYLAG to assist him in drafting the submission. Dkt. 6.

SO ORDERED.

<div style="text-align: right;">
*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge
</div>

Dated: September 5, 2025
      New York, New York