UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER BELL,

Plaintiff,

-v-

NEW YORK CITY DEPTARTMENT OF EDUCATION *et al.*,

Defendants.

23 Civ. 10048 (PAE) (RFT)

OPINION & ORDER

PAUL A. ENGELMAYER, United States District Judge:

Plaintiff Christopher Bell, appearing *pro se*, brings this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), alleging violations by defendants New York City Department of Education ("DOE") and Community Educational Council Six ("CEC"). Dkt. 58. This is Bell's fourth amended complaint ("FAC"). *Id.* On November 24, 2025, defendants moved to dismiss the FAC for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 61. Before the Court is the April 10, 2026 Report and Recommendation of the Hon. Robyn F. Tarnofsky, United States Magistrate Judge, recommending the Court grant defendants' motion to dismiss the FAC with prejudice. Dkt. 67 ("Report"). On April 24, 2026 and May 4, 2026, Bell objected to the Report. Dkts. 68, 70. On May 14, 2026, defendants replied. Dkt. 71 ("Reply"). For the following reasons, the Court adopts the Report's recommendation in full, and grants defendants' motion to dismiss the FAC with prejudice.

## DISCUSSION

The Court incorporates by reference the summary of the facts provided in the Report.[1] In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Rule 72(b)(2) of the Federal Rules of Civil Procedure permits a party to file specific written objections to the proposed findings and recommendations of the Magistrate Judge, but "does not provide that new claims may be raised in objections to a report and recommendation." *Pierce v. Mance*, No. 8 Civ. 4736, 2009 WL 1754904, at *1 (S.D.N.Y. June 22, 2009). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To trigger the *de novo* review standard, objections to a report and recommendation "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 2 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Here, Bell's objections are principally directed toward the time constraints allegedly placed on his ability to respond to the Report. Bell contends that he first received the Report,

---

[1] The Court assumes familiarity with the background of this case, which was set forth in detail in the Court's prior decision, Dkt. 57, granting defendants' motion to dismiss the third amended complaint ("TAC"), Dkt. 31.

dated April 10, 2026, on April 20, 2026, that this 10-day delay deprived him of time to craft his objections, and that additional time was needed for him to furnish an adequate response. Dkt. 68. Notwithstanding that this Court had granted Bell an extension from April 15, 2026 to May 4, 2026 to file any objection, Dkt. 69, Bell advances his objections on the grounds that:

> Plaintiff was unaware that he was given additional time to furnish his objection to dismiss his complaint. Plaintiff submitted his objection to his complaint and other documents to the Pro-Se unit on April 24, 2026, as indicated with the stamped letter to your office. . . . Plaintiff will reiterate that the court reject Judge Tarnofsky's recommendation to dismiss Plaintiff's complaint.

Dkt. 70 at 1.

None of Bell's objections raised in his May 4, 2026 letter are "specific" challenges aimed at the Report's findings. *Molefe*, 602 F. Supp. 2d at 487. And Bell's objections of April 24, 2026 fare no better. *See* Dkt. 68. In those, Bell challenges: (1) the time he was afforded to object to the Report, (2) the Report's alleged failure to consider other Title VII claims brought in another by Bell in this District, and (3) the Report's conclusions in light of a "notice of claim" Bell claims to have made, despite previously conceding he had not done so. *Compare* Dkt. 68 at 6 (claiming notice of claim was made), *with* Dkt. 53 at 13 (conceding no such notice filed). It is well-settled that new theories may not be raised as part of a Rule 72(b) objection. *See, e.g.*, *BS BIG V, LLC v. Philadelphia Indem. Ins. Co.*, No. 19 Civ. 4273, 2022 WL 4181823, at *5 (S.D.N.Y. Sept. 13, 2022) ("petitioner's new claims, presented in the form of, or along with, 'objections,' should be dismissed"); *Abu–Nassar v. Elders Futures, Inc.*, No. 88 Civ. 7906, 1994 WL 445638, *4, n. 2 (S.D.N.Y. Aug.17, 1994) ("If the Court were to consider formally these untimely contentions, it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments"); *Scientific Components Corp. v. Sirenza Microdevices, Inc.*, No. 3 Civ. 1851, 2006

WL 2524187, at *2 (E.D.N.Y. Aug. 30, 2006) (same). Accordingly, because Bell does not raise specific and clearly aimed objections, review of the Report for clear error is appropriate. *See, e.g.*, *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002); *Scipio v. Keane*, No. 95 Civ. 2732 (DLC), 1997 WL 375601, at *1 (S.D.N.Y. July 7, 1997) (reviewing objections that "do not address directly" any of the Magistrate Judge's analysis "for clear error"); *Teixeria v. St. Jude Med. S.C., Inc.*, 193 F. Supp. 3d 218, 222 (W.D.N.Y. 2016) (same).

Careful review of Judge Tarnofsky's thorough and well-reasoned Report reveals no facial error in its conclusions. The Report clearly explained why Bell had failed to adequately plead his claims, notwithstanding the clear guidance he received from this Court, and Judge Tarnofsky, in the course of dismissing his third amended complaint ("TAC"). The Report noted that the FAC includes "many of the same allegations" as the TAC, and "no new allegations . . . showing that [Bell] was poorly treated because of his race." *Id.* at 9–11. The Report further concluded, consistent with Second Circuit authority, the FAC did not "adequately plead a hostile work environment." *Id.* at 14. In reviewing the record, the Court is not "left with the definite and firm conviction that a mistake has been committed." *U.S. Gypsum Co.*, 333 U.S. at 395. The Report is, therefore, adopted in its entirety. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

## CONCLUSION

For the foregoing reasons, the Court grants defendants' motion to dismiss the FAC with prejudice. The Court respectfully directs the Clerk to mail a copy of this decision to plaintiff at the address on file and to terminate the case.

SO ORDERED.

Paul A. Engelmayer

Paul A. Engelmayer
United States District Judge

Dated: July 13, 2026
New York, New York